
# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT W. ELLIOTT,

    *Petitioner*,

vs.

J. BENEDETTI, *et al.*,

    *Respondents*.

3:09-cv-00265-LRH-RAM

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the amended petition (#10) under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules") and on petitioner's motion (#9) for appointment of counsel.

    On the motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

    At the outset, petitioner has not demonstrated that he is financially eligible for appointment of counsel. He has not applied for pauper status or otherwise demonstrated a financial inability to retain counsel.

In any event, having reviewed the request for counsel, the pleadings, and the remaining papers on file, the Court finds that the interests of justice do not require that counsel be appointed. Petitioner has demonstrated his ability to adequately articulate his claims and arguments. Petitioner refers in his counsel motion to allegedly having experienced transient ischemic attacks in March 2009 and to side-effects from a muscle relaxer allegedly prescribed for such condition. However, petitioner has filed voluminous pleadings in this matter notwithstanding any such condition and medication. On the record and showing made, petitioner has not established that the interests of justice require the appointment of counsel due to any such condition or medication or the combination thereof, even if, *arguendo*, petitioner otherwise is financially eligible for appointment of counsel.

Following upon the Court's review of the amended petition, a response will be directed, as further specified below.

IT THEREFORE IS ORDERED that the Clerk of Court shall add Attorney General Catherine Cortez Masto (listed under Cortez) as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her.

IT FURTHER IS ORDERED that, taking into account the claims and issues presented and the records required to be filed by this order, respondents shall have seventy-five (75) days from entry of this order within which to answer, or otherwise respond to, the amended petition, including by motion to dismiss. Any response shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening and which are entered pursuant to Habeas Rule 4.

IT FURTHER IS ORDERED that, given the potential issues presented, respondents shall present their defenses in this case in accordance with the following order:

(1) any exhaustion issues and timeliness or relation back issues – if any – raised by respondents shall be raised together first in a separate motion to dismiss without other defenses;

(2) if no such issues are raised or following the resolution of same, all other procedural defenses – if any – raised by the respondents, including procedural default and failure to state a claim, to the extent applicable, shall be raised together in a single additional motion to dismiss; and

|     |     |     |
| --- | --- | --- |
| 1   | (3) | if an answer is filed, the answer shall address only merits defenses and shall specifically cite to and address the applicable state court written decision and record materials, if any, regarding each claim within the argument on that claim. |

IT FURTHER IS ORDERED that respondents shall not be deemed to have waived any defenses by addressing the issues in the order directed herein.  The Court does not wish to entertain any procedural defenses in this case in an answer that combines both procedural defenses and merits defenses.  The Court may modify the order in which issues and/or claims are considered as the case proceeds forward.

IT FURTHER IS ORDERED that, without regard to whether the initial response is a motion to dismiss or instead an answer, respondents shall file with the response – and serve upon petitioner – a single set of state record exhibits relevant to the petition, which shall include but not necessarily be limited to copies of the following, indexed without duplication and in chronological order (rather than necessarily in the order described below):

(a) the minutes from the justice court proceedings;

(b) the charging instrument(s) in relation to the justice court proceedings;

(c) any motions, orders and previously-prepared transcripts relating to counsel and representation issues in the justice court;

(d) the preliminary hearing transcript;

(e) the minutes from the district court proceedings;

(f) any charging instrument(s) from the district court proceedings;

(g) all motions, orders and previously-prepared transcripts relating to counsel and representation issues in the district court, whether before or after trial;

(h) all motions, orders and previously-prepared transcripts relating to possible change of plea (if not otherwise included within the foregoing);

(i) all other defense motions and related orders and previously-prepared transcripts (if not otherwise included within the foregoing);

(j) the trial transcript;

(k) the jury instructions;

| | | |
|---|---|---|
| (l) | the presentence investigation report (which may be filed under seal); |
| (m) | the sentencing transcript, if previously transcribed; |
| (n) | the judgment of conviction and any amendments thereto; |
| (o) | the notice of appeal; |
| (p) | all correspondence, motions, and orders received or filed in the state supreme court related to counsel and representation issues, to the extent available; |
| (q) | the briefing and/or fast track statements on direct appeal; |
| (r) | the state supreme court's order of affirmance and remittitur; |
| (s) | all papers presenting petitioner's state post-conviction claims in the district court; |
| (t) | the findings, conclusions and order of the district court; |
| (u) | all papers presenting petitioner's claims on the post-conviction appeal; and |
| (v) | the state supreme court's order of affirmance and remittitur. |

IT FURTHER IS ORDERED that any additional exhibits filed by the respondents shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The purpose of this provision is so that the Court, the parties, and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which exhibits are filed in which attachments.

IT FURTHER IS ORDERED that counsel additionally shall send a courtesy copy hard copy of the exhibits to, for this case, the Las Vegas Clerk's Office, with a cover sheet that clearly states "Courtesy Copy – To Staff Attorney."

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from service of the answer, motion to dismiss, or other response to file a reply or opposition. The deadlines established herein shall override any shorter deadlines in any form order issued under the *Klingele* decision.

IT FURTHER IS ORDERED that petitioner's motion (#9) for appointment of counsel is DENIED.

IT FURTHER IS ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the individual deputy attorney general identified in the

notice of appearance, a copy of every pleading, motion or other document submitted for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to respondents or counsel for respondents. If counsel has entered a notice of appearance, petitioner shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include an appropriate certificate of service.

DATED this 19th day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE