# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT W. ELLIOTT,

    *Petitioner*,

vs.

J. BENEDETTI, *et al.*,

    *Respondents.*

3:09-cv-00265-LRH-RAM

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#13) to dismiss. Respondents contend: (a) that Grounds 6 and 7 in the amended petition do not relate back to the original petition and are untimely; and (b) that Grounds 1 and 3 through 9 are not exhausted.

*Timeliness of Grounds 6 and 7*

In response to respondents' position that amended Grounds 6 and 7 do not relate back, petitioner contends that the amended petition (#10) was filed within the federal one-year limitation period.

On federal habeas review, petitioner challenges his October 25, 2005, conviction, pursuant to a jury verdict, of robbery of a person 60 years of age or older and robbery with the use of a deadly weapon. With victim age and weapon enhancements, petitioner was sentenced to four consecutive terms of 72-180 months to run consecutively to another case. The Supreme Court of Nevada affirmed the conviction on May 31, 2006. The time period for seeking *certiorari* in the United States Supreme Court expired ninety days later on August 29, 2006.[1]

---

[1] #15, Ex. 36; #16, Ex. 60. Ex. 59, referenced by respondents, pertains instead to a different conviction.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in the context presented here, a federal habeas petition must be filed within one year after "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The federal one-year limitation period therefore began running in this case after the expiration of the time to seek *certiorari* on August 29, 2006.

On or about February 8, 2007, petitioner mailed a state post-conviction petition to the state district court clerk for filing.[2] Under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the federal limitation period. 28 U.S.C. § 2244(d)(2). Absent additional tolling, 162 days of the federal limitation period elapsed between August 29, 2006, and February 8, 2007.

The Supreme Court of Nevada affirmed the state district court's denial of post-conviction relief on March 5, 2009. The remittitur issued on March 31, 2009.[3]

Absent tolling, the federal limitation period expired 203 days later, on October 20, 2009.

The original federal petition (## 1-2 & 6) in this matter was mailed to the Clerk for filing on or about May 19, 2009, prior to the expiration of the federal limitation period.

The amended federal petition (#10) was mailed to the Clerk for filing on or about November 27, 2009, after the expiration of the federal limitation period.

Petitioner contends that the limitation period should be tolled during the period from the constructive filing of the original petition on May 19, 2009, through the Court's October 7, 2009, screening order identifying deficiencies in the original complaint and giving petitioner an opportunity to amend. He urges that the petition was "in the court's hands" rather than his during this time period.

Petitioner's argument is fundamentally flawed. It is petitioner's obligation to assert his claims prior to the expiration of the federal limitation period. Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[2]#16, Ex. 69, final page. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002)(mailing date controls).

[3]#17, Exhs. 103 & 104.

circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S.327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

The Court's October 7, 2009, screening order did not stand in petitioner's way and prevent the timely filing of his claims in amended Grounds 6 and 7 prior to the expiration of the federal limitation period on October 20, 2009. A screening order identifying deficiencies in a petition does not prevent a petitioner from raising claims either previously in the original petition being screened or in an amended petition filed prior to the expiration of the federal limitation period. The fact that the original petition was pending for screening review did not prevent petitioner from filing amended Grounds 6 and 7 in the original petition. Nor did it prevent him from filing an amended petition presenting these claims at any time between May 19, 2009, and October 20, 2009. Indeed, the October 7, 2009, screening order was issued *prior to* the expiration of the federal limitation period on October 20, 2009. It is petitioner's obligation to keep track of the federal limitation period and file all of his claims timely. It is established law that it is *not* the role of the Court to try and keep track of the running of the federal limitation period and advise petitioner in this regard. *Pliler v. Ford*, 542 U.S. 225, 231-33,124 S.Ct. 2441, 2446-47, 159 L.Ed.2d 338 (2004). At bottom, it was petitioner's obligation to keep track of the October 20, 2009, expiration date and file his claims timely, whether prior to or after this Court's order.

Petitioner's tolling argument therefore is without merit.

Petitioner otherwise does not provide any argument seeking to establish that amended Grounds 6 and 7 relate back to timely filed claims in the original petition.

Grounds 6 and 7 therefore will be dismissed with prejudice as untimely.

*Exhaustion*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

*Ground 1*

In Ground 1, petitioner alleges that he was denied due process in violation of the Fourteenth Amendment when the state district court denied his pretrial motions for new counsel.

Petitioner contends: (a) that he was prevented from presenting the claims in Ground 1 on direct appeal because the state supreme court did not allow him to file *pro se* submissions on the represented direct appeal; and (b) that he presented the claims on state post-conviction review.

Petitioner has not pointed the Court to any *pro se* papers tendered to the Supreme Court of Nevada on the direct appeal where he alleged either (a) that he was denied due process in violation of the Fourteenth Amendment or (b) that such denial was done by the state district court denying his pretrial motions for new counsel. None of the *pro se* papers tendered to the state supreme court on file in this case assert a due process claim under the Fourteenth Amendment. None of the papers include

any factual allegations concerning the state district court's denial of pretrial motions for new counsel. The letters instead concern petitioner's effort to have counsel removed as his appellate counsel on the direct appeal in the state supreme court.[4] In order to exhaust a federal constitutional claim, a petitioner must present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo*, *supra*. Petitioner did neither on direct appeal as to the claims in federal Ground 1. Accordingly, even if, *arguendo*, such rejected *pro se* filings by a represented defendant could exhaust a claim, petitioner's *pro se* submission clearly did not exhaust federal Ground 1.

Moreover, such rejected *pro se* filings by a represented defendant in any event would not fairly present and exhaust any claim. A represented defendant has no right to have *pro se* filings considered because a criminal defendant has no constitutional right to both self-representation and the assistance of counsel in the same proceeding. *See,e.g., United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir.1987); *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir.1981). Moreover, a criminal defendant *has* no right of self-representation on direct appeal. *Martinez v. Court of Appeal of California*, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). It further is established law that appellate counsel was not required to raise every non-frivolous ground that petitioner wanted to raise on direct appeal. *See Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

Petitioner's argument under 28 U.S.C. § 2254(b)(1)(B)(ii) that the state supreme court's rejection of his *pro se* submissions rendered state corrective process ineffective to protect his rights thus is wholly without merit. Petitioner had no right to submit *pro se* papers on the represented direct appeal, and he further had no right to insist that his appellate counsel follow his direction as to the issues to be raised and the manner in which they were to be raised on appeal.

Ground 1 was not exhausted on direct appeal.

Construing the federal petition liberally, Ground 1 was exhausted in the state post-conviction proceedings as a claim of a denial of a right to counsel under the Sixth Amendment.

Petitioner's post-conviction counsel presented a claim on the state post-conviction appeal that the district court and state supreme court abused their discretion in denying petitioner's motion for

---

[4]See #10-3, Exhs. 9-16, at electronic docketing pages 52-78; #24, at electronic docketing pages 60-62.

substitution of counsel. While respondents contend that the claim challenged a denial of a motion to substitute counsel only on appeal, the state supreme court in all events considered the claim as one additionally encompassing a challenge to a denial of a motion to substitute counsel by the state district court. However, the only constitutional claim presented to the state supreme court in the fast track statement was a claim of a denial of a Sixth Amendment right to counsel. No due process claim was presented in the fast track statement on this claim.[5]

Federal Ground 1, however, includes an allegation that the state district court's denial of his motion for new counsel "denied petitioner a fair trial with conflict free, effective assistance in violation of his Constitutional Right to Due Process."[6] The Court will construe this allegation liberally as invoking a denial of the Sixth Amendment right to counsel. The Court notes in this regard that petitioner has labored previously in this matter under the fundamental misconception that all of his alleged constitutional violations "fall under" due process or equal protection such that he need allege only a violation of "due process" or "equal protection" rather than a specific constitutional guarantee where applicable. The Court previously informed petitioner that he was incorrect in this belief.[7] However, he appears to still be proceeding based upon his own flawed view.

As to this claim, the Court will liberally construe federal Ground 1 as a claim of a denial of the Sixth Amendment right to counsel. As such, the claim is exhausted, subject to a possible procedural default defense.[8]

***Ground 3[9]***

In Ground 3, petitioner alleges that he was denied his Sixth Amendment right to effective assistance of counsel when trial counsel continued to represent him on appeal allegedly despite a district court order providing for the withdrawal of trial counsel and petitioner's instruction that counsel

---

[5] See #17, Ex. 99, at 7; *id.*, Ex. 103, at 2. The state supreme court's consideration of a claim results in the exhaustion of the claim without regard to whether the petitioner's briefing otherwise raised the claim.

[6] #10, at electronic docketing page 7.

[7] #5, at 2.

[8] See #17, Ex. 103, at 2.

[9] Respondents do not challenge Ground 2 as to exhaustion or timeliness.

-6-

not represent him on the appeal, due to an alleged irreconcilable conflict between petitioner and counsel.[10]

The question is a close one given the manner in which federal Ground 3 is presented. Ground 3 focuses more on the aspect that counsel continued to represent petitioner on appeal rather than on the aspect that the state supreme court failed to remove counsel as appellate counsel, which is the subject of the apparently exhausted Ground 2. The difference in focus does not lead to Ground 3 being unexhausted, however. Both Ground 2 and Ground 3 were sufficiently subsumed within the claim presented to the Supreme Court of Nevada in the fast track statement on the state post-conviction appeal.[11] Liberally construed, the difference between petitioner's reliance upon "the right to counsel . . . under the Sixth Amendment" in the fast track statement and his reliance upon the Sixth Amendment right to effective assistance of counsel in Ground 3 is not sufficient to render the ground unexhausted.

Ground 3 accordingly is exhausted.

***Ground 4***

In Ground 4, petitioner initially alleges that he was denied equal protection of the laws in violation of the Fourteenth Amendment, but it is clear from the body of the claim that petitioner is presenting a *Faretta* claim[12] based upon an alleged denial of his right to self-representation.[13]

The *Faretta* claim in Ground 4 is exhausted, subject to a possible procedural default defense.[14] The equal protection claim in Ground 4 will be dismissed under 28 U.S.C. § 2254(b)(2), as the equal

---

[10] #10, at electronic docketing pages 14-17. Respondents read Ground 3 as claiming "ineffective assistance of counsel due to trial counsel . . . operating under a conflict of interest." #13, at 5. This description is not entirely accurate or complete. Ground 3 concerns the representation of petitioner by trial counsel on appeal, due to the alleged conflict between petitioner and counsel.

[11] See #17, Ex. 99, at 7.

[12] *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

[13] As discussed as to Ground 1, petitioner is proceeding under the fundamental misconception that all of his claims "fall under" due process or equal protection, such that he need allege a denial of due process or equal protection rather than the specific constitutional guarantee in question. While the Court has endeavored to inform petitioner that he is incorrect, he continues making the same error in his pleadings.

[14] #17, Ex. 99, at 5-7; *id.*, Ex. 103, at 2.

1  protection claim lacks any colorable or conceivable merit. An allegedly erroneous denial of the right
2  to self-representation does not give rise to an equal protection violation over and above the denial of
3  the right to self-representation. Not all allegedly unequal or dissimilar treatment of individuals gives
4  rise to an equal protection violation, particularly in situations where other constitutional provisions
5  instead are applicable. *See,e.g., Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).

6  The Court accordingly will dismiss the equal protection claim in Ground 4, but the *Faretta*
7  claim is exhausted, subject to a possible procedural default defense.

***Ground 5***

9  In Ground 5, petitioner alleges that he was denied effective assistance of trial counsel because
10  of his alleged irreconcilable conflict with counsel, because counsel only wanted to pursue a plea
11  bargain, and because counsel then was unprepared for trial when petitioner balked at accepting the plea
12  deal at the plea change hearing.

13  The ineffective assistance claims in Ground 5 are not exhausted because they were not presented
14  to the Supreme Court of Nevada. To satisfy the exhaustion requirement, each claim must have been
15  fairly presented to the state courts completely through to the highest court available, in this case the
16  state supreme court. *E.g., Peterson, supra.*

17  The ineffective assistance claims were not presented within the four corners of the fast track
18  statement on the state post-conviction appeal.[15]

19  Petitioner refers to letters that he sent to his state post-conviction counsel regarding the appeal.
20  Obviously, letters to a lawyer do not present claims to a state court.[16]

21  Petitioner otherwise relies upon the alleged assertion of these claims in his state post-conviction
22  petition and the inclusion of the petition in the appendix on the state post-conviction appeal.
23  Petitioner's reliance upon the inclusion of the petition in the appendix is misplaced, for three reasons.

---

[15] #17, Ex. 99, at 10.

[16] See #10-4, at electronic docketing pages 72-98 (Petitioner's Exhibit B, Exhibits 10-12 thereto); #10-5, at electronic docketing pages 46-73 (Petitioner's Exhibit C, Exhibits 7-10 thereto). It is far from a foregone conclusion that the unexhausted claims are asserted within the letters in the first instance. However, in all events, correspondence to a lawyer cannot exhaust a claim.

-8-

First, the fast track statement on the post-conviction appeal did not incorporate claims in the *pro se* state petition by reference. The fast track statement instead presented only the selected claims argued therein.

Second, under Nevada state practice, petitioner could not incorporate claims from materials in the appendix into the fast track statement even if counsel had attempted to do so, which he did not. Under Rule 28(e)(2) of the Nevada Rules of Appellate Procedure (NRAP), parties may not incorporate briefs or memoranda filed in the state district court for argument on the merits of an appeal.

Third, the provisions of NRAP 30(b)(2)(A) and (3) require the inclusion of the district court pleadings in the appendix as a matter of course. The mere presence of a pleading in an appendix on a Nevada appeal without any corresponding assertion of a particular claim therein in the body of the appellate briefing thus does not imply – in and of itself – any election by the appellant to present any particular claim or claims to the state supreme court. Rather, the pleadings are present in the appendix simply because that is what Nevada appellate rules require.

Accordingly, the mere presence of the state petition in the appendix clearly did not place the Supreme Court of Nevada on notice that any and all claims contained therein were presented on the appeal. The petition was included in the appendix because Nevada appellate rules required that it be included, and incorporation from the state district court filing into the fast track statement further was barred under Nevada appellate rules even if it had been attempted, which it was not.

The Court therefore is not persuaded that the mere presence of the state district court pleadings in the appendix as required by the Nevada Rules of Appellate Procedure fairly presented any claim that was *arguendo* contained therein to the Supreme Court of Nevada.[17]

Ground 5 thus is unexhausted.

***Ground 8***

In Ground 8, petitioner alleges that he was denied effective assistance of counsel because trial counsel failed to file the following motions: (a) a motion to dismiss the criminal complaint as

---

[17]*See also Ingebretsen v. Palmer*, 2009 WL 4823382, at *2 (D. Nev., Dec. 10, 2009)(distinguishing Ninth Circuit authority).

-9-

1   duplicitous or multiplicitous; (b) a "motion requesting a pretrial," that purportedly would challenge
2   inconsistent statements by the State's witnesses, over and above the preliminary hearing held; (c) a
3   "motion to compel" the State to prove the funds were used and to search a floor vent at the store where
4   the robberies occurred, which petitioner believed would establish that he did not take the funds and
5   "combat the sufficiency of the evidence;" (d) a motion to suppress the police video interview of
6   petitioner on the ground that petitioner was heavily intoxicated and sleep-deprived; (e) a motion for a
7   lesser included offense jury instruction and/or motion for new trial challenging the sufficiency of the
8   evidence; and (f) a motion for new sentence and/or challenging the multiple sentences imposed on the
9   basis of double jeopardy.  Petitioner additionally contends that trial counsel improperly asked to have
10  unspecified "both cases," brought together, causing the facts of each to "corrupt" the other and further
11  causing his bail to be increased, preventing him from providing help and investigating his case.

12         None of these claims were presented in the fast track statement on the state post-conviction
13  appeal.  Petitioner presented only a specific claim that counsel was ineffective for failing to move to
14  suppress the store surveillance tape and a conclusory claim that counsel failed to file other, unspecified
15  pretrial motions.[18]  None of the claims in federal Ground 8 concern the store surveillance tape.  The
16  Supreme Court of Nevada rejected the conclusory claim out-of-hand for lack of specificity, stating:
17  "Moreover, Elliott did not indicate what 'other pretrial motions' trial counsel should have filed, let
18  alone whether they would have had a reasonable probability of being granted and altering the trial
19  results."[19]  The conclusory allegation presented to the state supreme court clearly did not fairly present
20  the claim now raised in federal Ground 8 regarding multiple specific motions that allegedly should have
21  been filed and/or other actions taken.  The claims in Ground 8 fundamentally alter the sparse and
22  conclusory claim presented on the state post-conviction appeal and thus are unexhausted.

23         To the extent that petitioner otherwise raises the same exhaustion arguments as to Ground 8 as
24  he does as to Ground 5, the Court rejects the arguments for the reasons assigned as to Ground 5.

25         Ground 8 is unexhausted.

---

[18] #17, Ex. 99, at 10.

[19] #17, Ex. 103, at 3.

-10-

***Ground 9***

In Ground 9, petitioner alleges that he was subjected to double jeopardy in violation of the Fifth Amendment because he was subjected to multiple consecutive sentences for alleged criminal conduct that allegedly properly constituted only a single offense under the criminal complaint.

It is undisputed that petitioner did not present a double jeopardy claim in the fast track statement on either direct appeal or the state post-conviction appeal.

Petitioner maintains that direct appeal counsel and state post-conviction counsel each presented the claim under different constitutional "titles" and that he now is presenting the claim "as it was meant to be heard" as a double jeopardy claim. Petitioner must present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo*, *supra*. Petitioner did not present a double jeopardy legal theory in the state courts. Ground 9 thus is unexhausted.

Petitioner further urges, much as he did as to Ground 1, that he was prevented from pursuing Ground 9 because the state supreme court would not remove direct appeal counsel in response to his *pro se* letters. The Court rejects this argument for the same reasons discussed as to Ground 1. In this regard, none of the rejected *pro se* filings asserted the claims in Ground 9. Moreover, it is established law that appellate counsel was not required to raise every non-frivolous ground that petitioner wanted to raise on direct appeal. *See Jones v. Barnes*, *supra*. Petitioner urges that counsel had what he refers to as "conflict of interests." However, a conflict between a defendant and counsel as to how to handle a case and/or an appeal does not constitute a "conflict of interest." Moreover, over and above the fact that ineffective assistance of trial counsel generally cannot be raised on direct appeal in Nevada, the trial counsel representing petitioner as appellate counsel was under no conflict of interest vis-à-vis determining whether or not to pursue a double jeopardy claim such as Ground 9. Merely because petitioner was not allowed to represent himself on direct appeal – which he has no right to do under *Martinez* – does not mean that any and all claims that petitioner thereafter may raise on federal habeas review are exhausted. None of the circumstances alluded to by petitioner lead to a conclusion that Ground 9 was exhausted after the double jeopardy claim therein clearly was not presented to the Supreme Court of Nevada on either direct appeal or state post-conviction review.

Ground 9 is unexhausted.

*Remaining Matters*

Petitioner's submission styled as "Points and Authorities in Support of Petition Grounds" (#24-1) will be stricken. The submission seeks to argue the merits of the grounds in the petition and was submitted along with the opposition to respondents' motion to dismiss. Under the scheduling order in this case and the procedures followed in this Court in habeas matters, petitioner may address the merits of his claims only in the petition and in a reply to respondents' answer once filed. Petitioner may not file supporting memoranda on the merits separate and apart from the verified petition and the reply. Such a filing further was not an appropriate response to a motion to dismiss directed to timeliness and exhaustion issues.

Petitioner's response (#28) to respondents' reply on the motion to dismiss also will be stricken. Petitioner may not unilaterally file a response to a reply. Absent a further order by the Court, the briefing on a motion is closed after the moving party files a reply. Nothing in petitioner's improperly-filed response in any event leads to a different conclusion herein.

IT THEREFORE IS ORDERED that respondents' motion (#13) to dismiss is GRANTED IN PART and DENIED IN PART, as per the remaining provisions of this order.

IT FURTHER IS ORDERED that Grounds 6 and 7 are DISMISSED with prejudice as time-barred.

IT FURTHER IS ORDERED that the equal protection claim in Ground 4 is DISMISSED with prejudice on the merits, leaving the claim in Ground 4 alleging the denial of the right to self-representation before the Court.

IT FURTHER IS ORDERED, following upon the Court's holding that Grounds 5, 8 and 9 are not exhausted, that petitioner shall have thirty (30) days from entry of this order within which to mail for filing either a motion for dismissal without prejudice of the entire petition, for partial dismissal only of Grounds 5, 8 and 9, and/or for other appropriate relief.

The entire petition will be dismissed for lack of complete exhaustion without further advance notice if an appropriate motion is not timely filed.

/ / / /

/ / / /

IT FURTHER IS ORDERED that petitioner's submissions in #24-1 and #28 both are STRICKEN as improperly submitted documents.

DATED this 30th day of March, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE