# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT W. ELLIOTT,

    *Petitioner*,

vs.

J. BENEDETTI, *et al.*,

    *Respondents.*

3:09-cv-00265-LRH-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#34) to dismiss seeking the dismissal of the four remaining claims and respondents' motion (#39) to strike. In the motion to dismiss, respondents contend: (a) that Grounds 1 and 4 are barred by the procedural default doctrine; and (b) that Grounds 2 and 3 fail to state a claim upon which relief may be granted.

## *Procedural Default*

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law ground due to a procedural default by the petitioner. Review of a defaulted claim will be barred even if the state court also rejected the claim on the merits in the same decision. Federal habeas review will be barred on claims rejected on an independent and adequate state law ground unless the petitioner can demonstrate either: (a) cause for the procedural default and actual prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of review. *See, e.g., Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

To demonstrate cause, the petitioner must establish that some external and objective factor impeded efforts to comply with the state's procedural rule. *E.g., Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *Hivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999). To demonstrate prejudice, he must show that the alleged error resulted in actual harm. *E.g., Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Both cause and prejudice must be established. *Murray*, 477 U.S. at 494, 106 S.Ct. at 2649.

In Ground 1, petitioner alleges that he was denied due process in violation of the Fourteenth Amendment when the state district court denied his pretrial motions for new trial counsel. The Court has liberally construed Ground 1 as a claim based on the Sixth Amendment right to counsel. The Court held that, as such, the claim was exhausted on state post-conviction review. #30, at 4-6.

In the remaining claim in Ground 4, petitioner presents a *Faretta* claim[1] based upon an alleged denial of his right to self-representation. See #30, at 7-8.

The Supreme Court of Nevada rejected these claims on state post-conviction review under N.R.S. 34.810(1)(b)(2) because the claims could have been raised on direct appeal but were not.[2]

Petitioner relies, *inter alia*, on alleged ineffective assistance of appellate counsel in failing to raise the substantive claims on direct appeal, due to counsel's alleged conflict of interest vis-à-vis asserting claims allegedly premised at least in part on his own ineffectiveness as trial counsel. However, a petitioner may rely upon such alleged ineffective assistance of appellate counsel to establish cause and prejudice only if the ineffective assistance claim itself is exhausted as an independent claim and is not procedurally defaulted. *See,e.g., Cockett v. Ray*, 333 F.3d 938, 943-44 (9th Cir. 2003).

With regard to Ground 1, petitioner did not present a claim on his state post-conviction appeal that appellate counsel was ineffective for failing to challenge the trial court's denial of his motions for new trial counsel.[3] Any such independent claim of ineffective assistance of appellate counsel as a predicate for a showing of cause and prejudice thus is not exhausted.

---

[1] *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

[2] See #17, Ex. 103, at 2.

[3] See #17, Ex. 99.

1  With regard to Ground 4, petitioner did not present a claim on state post-conviction review that appellate counsel was ineffective for failing to challenge the denial of his request for self-representation until the state post-conviction appeal. The Supreme Court of Nevada declined to consider the claim because it had been presented for the first time on the post-conviction appeal.[4] Presenting a claim in a procedural context in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim. *See, e.g., Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). Any such independent claim of ineffective assistance of appellate counsel as a predicate for a showing of cause and prejudice thus is not exhausted.

Petitioner's remaining arguments either are not addressed to procedural default, are irrelevant to the issue presented, and/or otherwise beg the question.

Grounds 1 and 4 thus are procedurally defaulted.

### *Failure to State a Claim*

Respondents further contend that Grounds 2 and 3 fail to state a claim upon which relief may be granted.

In Ground 2, petitioner alleges that he was denied due process of law in violation of the Fourteenth Amendment when the state supreme court declined to consider his *pro se* submissions on direct appeal because he was represented by counsel.

Petitioner has no right to self-representation on a direct criminal appeal. *Martinez v. Court of Appeal of California*, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000). The Ninth Circuit further has long held that a represented defendant has no right to have *pro se* filings considered because a criminal defendant has no constitutional right to both self-representation and the assistance of counsel in the same proceeding. *See, e.g., United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir.1987); *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir.1981). These holdings apply with even greater force in a context where a defendant has no right of self-representation in the first instance. There is no holding by the United States Supreme Court to the contrary establishing the existence of a due process

---

[4] See #17, Ex. 103, at 4.

right to file *pro se* submissions on a represented direct appeal. It is the holdings of the Supreme Court and not *dicta* that is controlling on AEDPA review. *See,e.g., Carey v. Musladin*, 549 U.S. 70, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006). Accordingly, even if this Court were to assume, *arguendo*, that Ground 2 stated a claim in the first instance, the Nevada Supreme Court's rejection of this exhausted claim was neither contrary to nor an unreasonable application of clearly established federal law.

In Ground 3, petitioner alleges that he was denied his Sixth Amendment right to effective assistance of counsel when trial counsel continued to represent him as appellate counsel on direct appeal allegedly despite a district court order providing for the withdrawal of trial counsel and petitioner's instruction that counsel not represent him on the appeal, due to an alleged irreconcilable conflict between petitioner and counsel.

The United States Supreme Court never has held that an "irreconcilable conflict" with appointed appellate counsel violates the Sixth Amendment. The Ninth Circuit accordingly previously has held that a decision by the Supreme Court of Nevada rejecting a Sixth Amendment claim based upon such an alleged irreconcilable conflict is neither contrary to nor an unreasonable application of clearly established federal law. *Foote v. Del Papa*, 492 F.3d 1026 (9th Cir. 2007). Accordingly, even if this Court were to assume, *arguendo*, that Ground 3 stated a claim in the first instance, under controlling Ninth Circuit law, the Nevada Supreme Court's rejection of this exhausted claim was neither contrary to nor an unreasonable application of clearly established federal law.[5]

Grounds 2 and 3 therefore will be dismissed on the merits.

////

---

[5] The Court notes that a state district court order directing the withdrawal of trial counsel would not override the governing rules and orders in the Supreme Court of Nevada instead requiring that trial counsel serve as appellate counsel on the direct criminal appeal. The state supreme court of course is going to prevail over the state district court in such a circumstance, and the state supreme court further of course is the final arbiter as to what state appellate rules and practice require. The fact that the state supreme court overrode any such state district court order does not present any constitutional issue of substance.

Petitioner urges that he should have been allowed to pursue a "direct appeal" rather than a "fast track appeal" because he would have been allowed to pursue claims of ineffective assistance of trial counsel on a "direct appeal" rather than a "fast track appeal." Petitioner's understanding of appellate procedure in Nevada is fundamentally flawed. Petitioner could not raise claims of ineffective assistance of trial counsel on direct appeal regardless of whether or not the appeal followed the fast track procedure. Petitioner's misunderstanding of Nevada criminal appellate practice clearly does not present any constitutional issue of substance.

1          IT THEREFORE IS ORDERED that respondents' motion (#34) to dismiss is GRANTED as to
2   all claims remaining, such that Grounds 1 and 4 shall be dismissed as procedurally defaulted and
3   Grounds 2 and 3 shall be dismissed on the merits.
4          IT FURTHER IS ORDERED that respondents' motion (#39) to strike is GRANTED and that
5   the traverse (#38) filed by petitioner hereby is STRICKEN.  Local Rule LR 7-2(b) does not authorize
6   a party opposing a motion to unilaterally file any further papers responding to the motion after a timely
7   opposition to the motion.  Moreover, petitioner has consented under Local Rule LR 7-2(d) to the grant
8   of the motion to strike by failing to file an opposition to that motion.
9          IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason
10  would not find the dismissal of Grounds 1 through 4 as per this order and Grounds 5 through 9
11  following upon the Court's prior order (#30) to be debatable or wrong.
12         The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against
13  petitioner, dismissing all remaining claims herein with prejudice.
14         DATED this 10th day of January, 2012.

                                              _____
                                              LARRY R. HICKS
                                              UNITED STATES DISTRICT JUDGE